45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roderic Scott RUSSELL, Defendant-Appellant.
 No. 93-50491.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1994.
Decided Dec. 29, 1994.
 
 Before: WIGGINS, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 1. The district court did not err in denying Russell's motion to suppress.
 
 
 3
 The officers executed a valid Terry stop motivated by a legitimate, non-pretextual investigatory purpose: determining whether the driver of the vehicle was under the influence of narcotics. Reasonable suspicion justified the stop. The officers observed the truck driving erratically and had been informed that the occupants of the truck were in possession of illegal drugs.
 
 
 4
 The officers' use of force in executing the stop did not transform it into an arrest. The stop occurred late at night in the middle of the desert, and involved three suspects who were believed to be armed and dangerous. At least one of the suspects (the driver) was also believed to be under the influence of narcotics. These factors justified the officers' fear for their personal safety. In such circumstances, we've held that force similar to that used here does not transform a Terry stop into an arrest. See, e.g., United States v. Buffington, 815 F.2d 1292, 1300 (9th Cir.1987); United States v. Taylor, 716 F.2d 701, 708 (9th Cir.1983). The cases cited by the defendant, e.g., United States v. Del Vizo, 918 F.2d 821, 825 (9th Cir.1990); United States v. Ricardo D., 912 F.2d 337, 340 (9th Cir.1990), are distinguishable because there the officers' use of force lacked an investigatory justification. The investigatory justification for the use of force here was the officers' legitimate concern for safety, warranted by the fact that defendants were believed to be armed and dangerous.
 
 
 5
 Probable cause to arrest Russell developed during the investigatory questioning following the Terry stop. The officer who questioned Russell observed signs indicating that Russell was under the influence of narcotics. Combined with the information the officers had received about the suspects' possession of illegal drugs, these observations gave the officer probable cause to arrest Russell.
 
 
 6
 The search of the passenger compartment of the truck was a legitimate search incident to arrest under New York v. Belton, 453 U.S. 454, 460 (1981), as it occurred contemporaneously with Russell's arrest. See ER 129-30. The items found in the passenger compartment of the truck (a gun and dye-stained currency), together with the information about the suspects' possession of illegal drugs, their apparent state of intoxication, and the dog's alert to the presence of narcotics, gave the officers probable cause to search the truck bed to determine whether drugs or additional firearms were present. Under California v. Acevedo, 111 S.Ct. 1982 (1991), the officers did not need to obtain a warrant prior to conducting the search.
 
 
 7
 2. The district court had no authority to depart downward to reduce the disparity between Russell's sentence and those of his codefendants. See United States v. Mejia, 953 F.2d 461, 468 (9th Cir.1991). In any event, the district court concluded that with respect to sentencing, Russell hadn't been treated unfairly or unequally in relation to his codefendants. See ER 226. The district court's refusal to depart downward on this basis was not error.
 
 
 8
 3. The district court declined to grant Russell's request for a downward departure on the basis of lack of youthful guidance, believing that it had no authority to do so under a recent amendment to the Sentencing Guidelines. We've held, however, that U.S.S.G. Sec. 5H1.12 may not be applied retroactively. See United States v. Johns, 5 F.3d 1267, 1270-72 (9th Cir.1993). As a result, the district court did have authority to grant a downward departure for lack of youthful guidance under United States v. Floyd, 945 F.2d 1096, 1098 (9th Cir.1991). We therefore remand to the district court for resentencing on this issue.
 
 
 9
 Defendant's conviction is AFFIRMED. The case is REMANDED to the district court for a determination as to whether a downward departure for lack of youthful guidance is warranted.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3